**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

WILSON L.L.,

Petitioner,

Civil No. 26-2475 (JRT/EMB)

v.

TODD BLANCHE, *Acting U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and

ERIC TOLLEFSON, *Sheriff of Kandiyohi County*,

Respondents.

Austen P. Zuege, **WESTMAN, CHAMPLIN & KOEHLER, P.A.**, 121 South Eighth Street, Suite 1100, Minneapolis, MN 55402, for Petitioner.

Carl Berry and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for the Federal Respondents.

Petitioner Wilson L.L. was arrested and detained by U.S. Immigration and Customs Enforcement ("ICE") on April 20, 2026.  On May 4, 2026, Petitioner filed a Petition for Writ

of Habeas Corpus, arguing that his detention is unlawful under, among other things, the Due Process Clause of the Fifth Amendment, the Fourth and Fourteenth Amendments of the United States Constitution, Article I, § 10 of the Minnesota Constitution, and 8 U.S.C. § 1357(a)(2).

Because the Court concludes that Respondents did not lawfully effectuate a warrantless arrest as required under 8 U.S.C. § 1357, the Court will grant the petition and order Petitioner's immediate release.

**BACKGROUND**

Petitioner is a citizen of Ecuador and a Minneapolis, Minnesota resident. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 7, May 4, 2026, Docket No. 1.) Petitioner entered the United States through Arizona in 2023 and "surrendered to immigration authorities for inspection upon entry." (Pet. ¶ 18.) He was detained until January of 2024, when he was released from custody with a Notice to Appear in Minneapolis. (*Id.*) "He then traveled to Minneapolis immediately upon release, where he has lived since then." (*Id.*) Petitioner has a pending asylum application and is not subject to a final order of removal. (*Id.* ¶ 19.) Petitioner "has been told he has a hearing for his asylum case on May 11, 2026." (*Id.*) Petitioner has no criminal record, and "has one petty misdemeanor traffic citation . . . for snow emergency parking restrictions for which he paid a $45 fine." (*Id.*)

On April 20, 2026, Petitioner was a passenger in a vehicle involved in a traffic accident in Cass County, North Dakota. (Decl. of William J. Robinson ("Robinson Decl."),

-2-

Ex. 2, May 7, 2026, Docket No. 6-2.)[1]  Petitioner alleges that local police arrived at the scene and "[a]lthough [Petitioner] was merely a passenger in a vehicle that had crashed, had cooperated with the sheriff and had done nothing wrong, the sheriff patted down and searched [Petitioner]."  (Pet. ¶ 23.)  "The [officer] found his wallet and proceeded to check his ID," then "detained three of the passengers, including [Petitioner]."  (*Id.* ¶¶ 23–24.)  Petitioner was placed in the back of a police car and taken to an immigration facility, although "[h]e was never told why he was being detained[.]"  (*Id.* ¶ 24.)[2]

Petitioner was fingerprinted at the immigration facility, and then "made to sign a document that was in English," which he did not understand, as he speaks and understands only Spanish.  (*Id.* ¶ 25.)  Petitioner "was transferred to and remains confined in the Kandiyohi County Jail in Willmar, Minnesota."  (*Id.* ¶ 31.)

On May 4, 2026, Petitioner filed a petition for writ of habeas corpus, challenging the lawfulness of his detention.  (Docket No. 1.)  On May 5, 2026, the Court issued an order which, among other things, (1) enjoined Respondents from transferring Petitioner

---

[1] Although Petitioner's habeas petition indicated that the traffic accident took place in Minnesota, (Pet. ¶ 22), Petitioner's Reply memorandum clarifies that this "[m]istake . . . about the exact location of the crash is understandable in view of the fact that he was sleeping at the time of the rash following an approximately twelve-hour journey towards his home in Minneapolis," (Pet.'s Reply Mem. at 6, May 8, 2026, Docket No. 7).

[2] Petitioner's Form I-213 Record of Deportable/Inadmissible Alien indicates that after the accident, Petitioner "was transported to Grand Forks, North Dakota ICE/ERO office for processing.  During processing a North Dakota Highway Patrol Trooper arrived to the ICE office and served [Petitioner] with a citation for an open container of alcohol in the vehicle."  (Robinson Decl., Ex. 2.)

outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to Minnesota if he had already been removed, and (2) directed Respondents to file an answer by May 7, 2026. (Docket No. 3.) Respondents timely filed a response (Docket No. 5), and Petitioner replied (Docket No. 7).

## DISCUSSION

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2). However, for many of the same reasons set forth in *Jefferson G.H.L. v. Blanche*, Civil No. 26-2344, 2026 WL 1229623 (D. Minn. May 5, 2026), *Francisco M.A. v. Blanche*, Civil No. 26-2032, 2026 WL 1229701 (D. Minn. May 5, 2026), and other similar cases, the Court concludes that Petitioner's detention is unlawful.

Although Respondents contend that Petitioner's detention is supported by § 1225(b)(2), "it does not follow that Petitioner can be arrested and detained pursuant to § 1225(b)(2) without first complying with 8 U.S.C. § 1357(a), which addresses federal immigration officials' authority to make warrantless arrests." *Francisco M.A.*, 2026 WL 1229701 at *2. Under § 1357(a)(2), an immigration officer may "arrest any alien in the United States" without a warrant "if he has reason to believe that the alien . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). After the warrantless arrest is made, noncitizens "shall be taken without unnecessary delay for examination before an officer of the Service . . . to examine aliens as to their right to enter or remain in the United States." *Id.* The Eighth Circuit has interpreted "the term 'reason

-4-

to believe' in § 1357(a)(2) [to] mean[ ] constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Here, "the record is void of evidence that Petitioner was likely to escape before a **valid** warrant could be obtained and properly executed." *See Francisco M.A.*, 2026 WL 1229701 at *3.[3]   Because Respondents have not shown that Petitioner was likely to escape, they failed to comply with 8 U.S.C. § 1357—the requirement for arresting a noncitizen without a warrant.  Respondents therefore improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).[4]

Accordingly, Petitioner's detention is unlawful.  And as in other similar cases, the Court concludes that the appropriate remedy is release from custody.  *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*,

---

[3] Indeed, Respondents' memorandum states "Petitioner's recent administrative detention [was] lawful under 8 U.S.C. § 1357(a)(2)" because "DHS was informed by North Dakota law enforcement they had subjects in custody . . . that are unlawfully in the United States." (Resps.' Mem. at 8, May 7, 2026, Docket No. 5.)  This statement entirely disregards the requirement of § 1357(a)(2) that the detainee must be "likely to escape before a warrant can be obtained for his arrest[.]"

[4] The Court further concludes that to the extent the I-200 administrative warrant presented in this case (*see* Robinson Decl., Ex. 3) supports Petitioner's detention under § 1226(a), the warrant is invalid as it was not served on Petitioner until after his arrest and detention.  *See Francisco M.A.*, 2026 WL 1229701 at *1–2.

553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").[5]

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1.  Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

2.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

3.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on May 13, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: May 11, 2026
at Minneapolis, Minnesota.
11:15 a.m.

JOHN R. TUNHEIM
United States District Judge

---

[5] In reaching these conclusions, the Court offers no view on Petitioner's claims under the United States and Minnesota Constitutions.